**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-10088
_____


JAMES B. WOODS,

                                        Plaintiff-Appellant;

                        versus



RESOLUTION TRUST COMPANY, ET AL.,

                                        Defendant-Appellee.



_____

Appeal From the United States District Court
For The Northern District of Texas

(3-94-CV-2350)
_____


November 1, 1995


Before WIENER, EMILIO M. GARZA and BENAVIDES, Circuit Judges:

PER CURIAM[*]:

    Plaintiff-Appellant James Woods appeals two final orders of

the district court.   The first granted the Resolution Trust

_____

    [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Company's (RTC's) unopposed motion to dismiss Woods' complaint and the second denied Woods' Rule 59(e) motion to vacate that dismissal. As Woods has now exhausted his administrative remedies and filed a second suit alleging the same underlying causes of action in another federal district court, circumstances have "changed" and we dismiss this appeal as moot.

I

FACTS AND PROCEEDINGS

James Woods filed suit in state court against the RTC, as the receiver for Western Gulf Savings and Loan Association, Standard Federal Savings Association (Standard), and Imco Realty Services, Inc., alleging that the RTC and Standard had caused his home to be sold at a foreclosure sale without providing him notice as required by state law. Woods alleged that the RTC notified him that he was in default on his loan and gave him 30 days to pay the principal and interest due. A deed to the property was executed to the RTC without any prior notice of the sale being given to Woods. Woods was subsequently unable to refinance the purchase of another residence because the void foreclosure had been reported to credit agencies. Woods sought compensatory and exemplary damages.

The RTC timely filed a notice of removal of the action to the United States District Court for the Northern District of Texas. After removal, the RTC filed a motion to dismiss the complaint based on Woods' failure to submit his claims to the RTC for administrative consideration. Woods did not file a response.

The district court granted the RTC's motion to dismiss because

2

Woods' complaint did not allege that he had exhausted his administrative remedies as required by 18 U.S.C. § 1821(d)(6)(A).[1] The district court remanded the case with respect to the remaining parties who had not joined in the removal petition. On December 12, 1994, the district court entered judgment, dismissing the claim against the RTC without prejudice. Within 10 days of the entry of judgment, Woods filed a motion to vacate pursuant to Rule 59(e). In this motion, Woods conceded that § 1821(d)(6)(A) required exhaustion and that he had not filed an administrative claim with the RTC, but urged, nevertheless, that the exhaustion requirement of § 1821(d)(6)(A) did not apply to his claim. Woods argued that § 1821(d)(6)(A) does deprive the district court of jurisdiction in claims that arise pre-receivership, but does not deprive the district court of jurisdiction in claims, like his, that arise post-receivership. In other words, Woods contended that as his claim arose after the RTC had taken over the banking institution and not before, he could bring suit against the RTC in federal district court without first exhausting his administrative remedies.

In its order denying Woods' motion to vacate, the district court stated, "[Woods] did not file a response to the RTC's Motion to Dismiss and his opposition will not be heard at this late date." Accordingly, the district court denied Woods motion to vacate the

---

[1] Section 1821(d)(6)(A) is jurisdictional and it permits a claimant to file suit only after filing a claim with the RTC and then only if the receiver has disallowed the claim or the 180-day determination period has expired.

judgment. Woods timely appealed both the Interlocutory Judgment, granting the RTC's motion to dismiss, and the order denying his Rule 59(e) motion to vacate the judgement.

During the pendency of this appeal, Woods pursued and exhausted his administrative remedies and then refiled his suit against the RTC. In December 1994, Woods filed a proof of claim with the RTC. In June 1995, the RTC notified Woods that his claim for administrative relief had been denied. In August 1995, Woods filed suit on his claims in the United States District Court for the Western District of Texas. As venue was improper, this second federal suit was transferred to the United States District Court for the Southern District of Texas, where, as of this writing, it is still pending.

## II

## DISCUSSION

### A. MOOTNESS

If a dispute has been resolved or if it has evanesced because of changed circumstances, it is moot.[2] During the pendency of this appeal, the circumstances "changed": Woods exhausted his remedies with the RTC and filed a second law suit that has changed the exhaustion issue. Thus, we need not address the issues raised in this appeal. Accordingly, we hold that any jurisdictional issues in this case, which is the one that originated in the Northern District of Texas, are moot. "When a case becomes moot on appeal,

---

[2] American Medical Association v. Bowen, 857 F.2d 267, 270 (5th Cir. 1987)(per curiam).

the appellate court should vacate the order of the district court and order dismissal of the action."

The judgment of the district court for the Northern District of Texas is VACATED[3] and this appeal is DISMISSED.

---

[3] We neither express nor imply an opinion on the merits of (1) the argument advanced by Woods in his Rule 59(e) motion, (2) the second suit which Woods initiated in the Western District of Texas, or (3) the transfer of the second suit from the from the Western District of Texas to the Southern District of Texas. Moreover, as we dismiss this appeal and vacate the judgment of the Northern District of Texas, neither the district's court's decision nor ours on appeal is binding as res judicata, law of the case, collateral estoppel, or any other theory that might be urged in bar of the issues in the second suit.